## LEVI *v.* HAVERSTICK.

PLEADING.—*Abatement.*—An answer in abatement, alleging that another person is liable jointly with the defendant for the debt sued for, which fails to allege that such other person is living, is bad, and there is no error in refusing to permit the filing of such answer.

From the Hamilton Circuit Court.

*Garver & Losey,* for appellant.

*T. J. Kane* and *A. F. Shirts,* for appellee.

DOWNEY, J.—Action by the appellee against the appellant for work and labor and for boarding. The defendant answered:

1. A general denial.

2. Facts showing that the debt was not due when the action was commenced.

The defendant afterwards asked leave to file an answer in

abatement, alleging that another party was liable with him for the debt. This the court refused to grant. Reply in denial of the second paragraph of the answer, trial by the court, finding for the plaintiff, motion by the defendant for a new trial overruled, and final judgment.

The errors properly assigned are based upon the refusal of the court to permit the answer in abatement to be filed, and in overruling the motion for a new trial.

The ruling of the court in refusing to allow the answer in abatement to be filed was correct. The answer, which is in the record, does not show that the person who is alleged to be jointly liable with the defendant is living. Such an answer must allege that the omitted party is living. *Wilson* v. *The State*, 6 Blackf. 212.

The only question presented and urged under the second alleged error is as to the sufficiency of the evidence to sustain the finding of the court. It is claimed that it does not show that the indebtedness was due when the action was commenced; that it was to be paid only when the defendant was paid for work done for a certain railroad company, and that it was not shown that payment had been made to the defendant by the company.

The action was commenced in November, 1873. The plaintiff testified that he was to be paid by the defendant every pay-day; that pay-day came from the 12th to the 13th of the month; and that the defendant got money from the company in July. In rebutting, the plaintiff testified that he did not agree to wait until the railroad company paid the defendant. There was no controversy as to the fact of indebtedness, or as to the amount. The defendant testified that he was to pay only when the railroad company paid.

We think we cannot disturb the judgment for lack of evidence.

The judgment is affirmed, with ten per cent. damages and costs.