### HUDSON ET AL. *v.* THE STATE, EX REL. BARNES.

GUARDIAN AND WARD.—*Suit on Guardian's Bond.—Pleading.*—In a suit upon a guardian's bond, by the ward, to recover for money received on a sale of the ward's real estate and alleged to have been converted, it is not necessary to aver in the complaint that the guardian's report of such sale was approved by the court.

SAME.—*Demand.*—Upon the resignation of a guardian without paying over the money belonging to his ward's estate, a suit may be maintained there-

for, on his bond, against the guardian and his sureties, without having made any demand upon him for the payment of the money.

QUERY.—Can the failure of the court to approve a guardian's report of the sale of his ward's real estate be made a defence to an action on the former's bond to recover for the money received on such sale?

From the Jennings Circuit Court.

*J. D. New, T. C. Bachelor* and *J. Bundy,* for appellants.
*W. K. Marshall* and *E. C. Devore,* for appellee.

BIDDLE, J.—George W. Barnes was duly declared, by the verdict of a jury, to be a person of unsound mind, and Levi W. Hudson was duly appointed guardian of the person and estate of said George, accepted the trust, and gave bond, with Calvin W. Hudson and Sylvester Deputy as his sureties, conditioned according to law. By order of the court, the said guardian sold certain lands belonging to his ward, collected the money, and failed to pay it over, but resigned his trust as such guardian. Afterwards the ward was duly declared, by the verdict of a jury, to be of sound mind. The complaint avers that said guardian converted the money so collected to his own use. After the ward was declared to be of sound mind, he brought this action on the guardian's bond.

A demurrer was filed to the complaint alleging, as grounds,

1. The insufficiency of the facts averred; and,

2. That the plaintiff has no legal capacity to sue.

The demurrer was overruled, exceptions taken, and proceedings had which resulted in a judgment against the appellants.

The only assigned error in this court is overruling the demurrer to the complaint. The appellants make the following objections to the complaint:

1. That the complaint does not sufficiently entitle the cause as the statute requires.

If this omission ever was a demurrable defect in the complaint, it has been supplied by a complete record brought before us by a *certiorari.*

2. That the complaint does not show that the report of the sale of the ward's land made by the guardian was ever approved by the court.

This is not necessary to be averred in the complaint in an action against the guardian for converting the money, to his own use, which belonged to his ward. Whether it might be made matter of defence, is a question not before us.

3. That there is no averment in the complaint of a sufficient demand before suit.

It was the duty of the guardian, "at the expiration of his trust, fully to account for and pay over to the proper person, all of the estate of said ward remaining in his hands." 2 R. S. 1876, p. 589, sec. 9, clause 4. No demand, therefore, was necessary.

When money is payable at a fixed date, or upon the happening of a certain event, no demand is necessary before suit; and an action may be maintained, on a guardian's bond, against the guardian and his sureties, without previous demand. *Voris* v. *The State, ex rel. Davis*, 47 Ind. 345. See also *Fuhrer* v. *The State, ex rel. The Attorney General*,—decided at the present term.

These are all the points aimed at the complaint by appellant. In other respects we do not examine it.

The judgment is affirmed, with costs, and three per cent. damages.