## BALDRIDGE ET AL. *v.* THE STATE, EX REL. NICHOLSON, GUARDIAN.

GUARDIAN AND WARD.—*Action on Guardian's Bond by his Successor in the Trust.*—*Removal of Guardian.*—*Failure to Pay Over.*—*Plea of Payment.*—*Burden of Proof.*—*Demand.*—At the trial of an action upon the bond of B., a former guardian, by his successor in the trust, for failing to pay over to such successor the money in his hands belonging to the ward, it was shown by the evidence, that on Feb. 6th, 1878, said B., as guardian, presented to the proper court his account current, duly verified, wherein he showed that he was justly chargeable with a certain balance belonging to said ward, and that he, said B., was then insolvent and had been adjudged a bankrupt the previous month, and had no money wherewith to pay his attorneys a reasonable fee for preparing said account current. It was further shown that, upon the presentation of said account current, the court charged said B. with said balance, with interest thereon at ten per cent., and forthwith removed him from his trust, and required him to pay over to the relator, his successor in said trust, the said balance with interest. This action was commenced in less than two weeks after the removal of B. from said guardianship, and within a month thereafter trial was had.

*Held*, that from the evidence, and in the absence of any proof in support of pleas of payment filed by the defendants, the jury were justified in finding

Baldridge *et al. v.* The State, *ex rel.* Nicholson, Guardian.

that B. had failed to pay over to his successor the balance in his hands, or any part thereof, belonging to the estate of the ward.

*Held,* also, that, upon their pleas of payment, the defendants had the burden of the issues ; and it was not incumbent on the relator to negative these pleas by evidence, nor was it necessary that he should prove either the demand or refusal of payment.

SAME.—*Measure of Damages.—Case Overruled.*—The rule of damages prescribed in the 3d clause of section 9 of the act of 1852 touching the relation of guardian and ward, 2 R. S. 1876, p. 590, is applicable only, in a suit upon a guardian's bond, to a breach of the particular duty of a guardian mentioned in said clause ; but, in such a suit for any breach of any other duty of a guardian, the measure of the relator's damages is, under and by force of section 13 of said act, governed by the law regulating suits on the bonds of executors and administrators, as the same is declared and set forth in section 163 of the act providing for the settlement of decedents' estates, 2 R. S. 1876, p. 551 ; hence, in a suit upon a guardian's bond, alleging as a breach the failure of such guardian to pay over to his successor in the trust the money in his hands belonging to the estate of the ward, it is not error to instruct the jury to add ten per cent. in damages to the whole amount found due. So far as the case of *Richardson* v. *The State, ex rel. Crow,* 55 Ind. 381, is in conflict with this decision, it is overruled.

SAME.—*Interest.—Remittitur.—Supreme Court.*—In such case, however, it is error to instruct the jury to allow interest at ten per cent. on the amount found to be due, the evidence not showing a written contract for the payment of interest ; but the judgment of the court below will be affirmed by the Supreme Court, if the relator will enter a *remittitur* for the excess over the legal rate of interest.

From the Wayne Circuit Court.

*S. A. Buell* and *H. W. Johnson,* for appellants.

*C. H. Burchenal,* for appellee.

HOWK, C. J.—In this action, the appellee's relator, as guardian of Joseph R. Baldridge, a minor, sued the appellants upon a bond given by the appellant Rankin Baldridge, a former guardian of the same minor. In his complaint, the relator assigned the following breaches of the condition of said bond, to wit :

1. That said Rankin Baldridge, as guardian, failed and neglected to make any inventory of the estate of his said ward, which came into his hands.

2.  That although the said Baldridge, as such guardian, had received moneys belonging to his ward's estate, amounting to $6,000, he did not safely keep and invest the same for the benefit of said ward, but mingled the same with his own moneys, and used and converted the same to his own use.

3.  That although the said Baldridge, as such guardian, on the 6th day of February, 1878, filed in the Wayne Circuit Court his verified report, showing that he was, as he was in fact, then and there chargeable, as such guardian, with the sum of $5,190.52, and although the said court then and there found that he was so chargeable, as such guardian, with the said sum, with interest thereon at the rate of ten per cent. per annum from said date, and ordered him to pay the same over to the relator as his successor in said trust, as guardian of said ward, yet he had wholly failed and neglected to pay over the same, or any part thereof, and the same remained due and wholly unpaid. Wherefore, etc.

The appellant Caleb B. Jackson separately answered in eight paragraphs, of which the first was a general denial, the second alleged payment in full before this suit was brought, and each of the remaining six paragraphs stated special matter by way of defence. To each of the third, fourth, fifth, sixth, seventh and eighth paragraphs of said answer, the relator's demurrers, for the want of facts, were sustained by the court, and to these decisions the said Jackson excepted. To the second paragraph f said answer, the relator replied by a general denial.

The appellant Baldridge separately answered the relator's complaint by a general denial thereof and a plea of payment.

The cause was tried by a jury, and a general verdict was returned for the appellee's relator, assessing his damages in the sum of $5,765.07. With their general verdict, the

jury also returned their special findings on particular questions of fact, submitted to them by the court, as follows :

" 1.   How much of the amount found for plaintiff herein is for principal alone ?

" Answer by jury.   $5,190.52.

" 2.   How much of the amount found for the plaintiff herein is for interest alone, and at what per cent. per annum ?

" Answer by jury.   $50.46; interest at ten per cent. per annum. "

The appellant Caleb B. Jackson separately moved the court for a new trial, which motion was overruled, and to this decision he excepted.   Judgment was rendered for the appellee's relator, on the general verdict, for the damages assessed therein and his costs.

The appellants have assigned, as errors, the decision of the circuit court in sustaining the relator's demurrers to the third, fourth, fifth, sixth, seventh and eighth paragraphs of the separate answer of the appellant Caleb B. Jackson, and in overruling his motion for a new trial, and in rendering judgment against the appellants.

Of these alleged errors, all with one exception have been practically waived, under the established practice of this court, by the failure of the appellants' counsel to present or discuss any question arising thereunder, in their brief of this cause.   The one excepted error, upon which the appellants' counsel apparently rely for a reversal of the judgment below, is the overruling of the motion of the appellant Jackson for a new trial.   In this motion, the following causes were assigned for such new trial :

1.   The verdict of the jury was contrary to law ;

2.   The verdict was contrary to the evidence :

3.   The verdict of the jury was contrary to the law and the evidence ;

4.  Error of the court in giving the jury a certain instruction;

5.  Error of the court in refusing to give the jury a certain instruction, at the request of the appellant Jackson;

6.  The damages assessed by the jury were excessive;

7.  Error of the court in admitting in evidence the guardian's bond in suit;

8.  Error of the court in admitting in evidence a certain entry on the order-book of the court;

9.  Error of the court in admission in evidence of a certain account current of the appellant Baldridge as guardian.

In our examination of the questions which arise under the alleged error of the court in overruling the motion for a new trial, we will limit ourselves to the consideration and decision of those questions only which the appellants' counsel have presented and discussed in their able and exhaustive brief of this cause. The first point made by counsel, in argument, is that the general verdict of the jury, in this case, was contrary to the evidence. In assigning this cause for a new trial. we suppose that the appellants intended to assign, as such cause, that the verdict was not sustained by sufficient evidence. This is the mode of expression used in the sixth statutory cause for a new trial; and we will be pardoned, we trust, for expressing the opinion that the language used by the appellants' counsel, in assigning the cause for a new trial, is certainly no improvement on the language of the statute.

It is claimed by the appellants' counsel, as we understand their argument, that the verdict was contrary to the evidence, or rather that there was no sufficient evidence to sustain the verdict, in this, that the relator had omitted to prove by direct, positive and affirmative evidence, that the appellant Baldridge, at the termination of his said guardianship, had failed, neglected and refused to pay over the

sum of money, or any part thereof, admitted by him and found by the court to be in his hands and belonging to the ward's estate, to his successor in said trust, the appellee's relator, in compliance with the order of said court. It seems to us, that such omitted evidence was wholly unnecessary in this case, and that, in the absence of any proof whatever in support of the appellants' pleas of payment, the jury were fully warranted, upon the evidence in the record, in finding and returning their general verdict in favor of the relator. The evidence showed, that on the 6th day of February, 1878, the said Rankin Baldridge, as such guardian, presented to the court his account current, duly verified, of his debits and credits with his ward's estate, wherein he showed that, as such guardian, he was justly chargeable with said balance of $5,190.52, belonging to said ward; and that he, the said Rankin Baldridge, was then insolvent and had been adjudged a bankrupt in January, 1878, and had no money wherewith to pay his attorneys a reasonable fee for preparing said account current, in said guardianship.

The evidence further showed, that, on the presentation of said account current, the court charged the said Rankin Baldridge with the said balance, thereby shown to be due from him to his ward's estate, with interest thereon at the rate of ten per cent. per annum, and forthwith removed him from his trust, as such guardian, and then and there required him to pay over to the relator, as his legal successor in said trust, the aforesaid balance with such interest thereon. The record shows that, in less than two weeks after the removal of said Rankin Baldridge from said guardianship, this suit was commenced; and, within a month thereafter, the trial was had, and the judgment was rendered, from which this appeal is now prosecuted. From the evidence in the record, and in the absence of any evidence whatever tending in the slightest degree to show payment, in whole or in part, of the money in controversy,

it seems to us that the jury were fully justified in finding, as they apparently did, that the appellant Rankin Baldridge had failed, neglected and refused to pay over to the appellee's relator, his successor in said trust, the balance in his hands or any part thereof, belonging to the estate of the ward. He was required to make such payment, not only by the order of the court, but, in the fourth clause of section 9 of the statute of June 9th, 1852, " touching the relation of guardian and ward, " it was made his imperative duty, " at the expiration of his trust, fully to account for and pay over to the proper person, all of the estate of said ward remaining in his hands." 2 R. S. 1876, pp. 589 and 590. *Stumph* v. *The Guardianship of Pfeiffer*, 58 Ind. 472. Upon their pleas of payment, the appellants had the burthen of the issues; and, if they relied on payment as a defence, it devolved on them to prove such payment by positive and affirmative evidence. We are clearly of the opinion, that it was not incumbent on the appellee's relator to negative these pleas by evidence; nor was it necessary that he should prove either the demand or refusal of payment. *Voris* v. *The State, ex rel., etc.*, 47 Ind. 345 ; and *Hudson* v. *The State, ex rel., etc.*, 54 Ind. 378.

The court, of its own motion, gave the jury the following instruction : " If you find for the plaintiff, and find from the evidence that Rankin Baldridge filed a report, showing the amount in his hands at a particular date, and does not show therein to whom he loaned the money, or for what rate of interest, and there is no other evidence on this point, the jury would be warranted in finding the amount of damages to be the amount in his hands at such date, with interest thereon at ten per cent. per annum to this date, and ten per cent. on such amount."

It is earnestly insisted by the appellants' counsel, that the court erred in this instruction, in these two particulars :

1. In directing the jury to allow interest on the amount found to be in Rankin Baldridge's hands, belonging to the relator's ward, at the rate of ten per cent. per annum; and,

2. In directing the jury to allow ten per cent. on the total sum of such amount and such interest, as a part of the damages.

We will first consider the alleged error of the court, in instructing the jury to find ten per cent. in damages on the aggregate sum of the amount found to be in the hands of said Rankin Baldridge, and of the interest on such amount at the rate of ten per cent. per annum. Section 9 of the aforesaid act of June 9th, 1852, touching the relation of guardian and ward, in six numbered clauses or paragraphs, prescribes the statutory duties "of every guardian of any minor." Of these clauses or paragraphs, the third in number reads as follows:

" *Third.* To render on oath to the proper court an account of his receipts and expenditures as such guardian, verified by vouchers or proof, at least once in every two years; and failing so to do, [he shall] receive no allowance for services, and be liable to his said ward on his bond for ten per cent. in damages on the whole amount of estate, both real and personal, in his hands belonging to such ward." 2 R. S. 1876, p. 590.

It seems to us, that the language of this clause of the statute is free from doubt, uncertainty or ambiguity, that no technical word or words of two-fold import are used or found therein, and that its sense and meaning are so clear and plain as not to admit of construction. The duty of the guardian to render to the proper court, at least biennially, a verified account of his receipts and expenditures, is declared and clearly expressed; and the penalty and liability of the guardian for his failure to perform this particular duty are set forth in terms of no doubtful meaning. For a breach of the duty enjoined upon a guardian, in

174     SUPREME COURT OF INDIANA.

Baldridge *et al. v.* The State, *ex rel.* Nicholson, Guardian.

this third clause of said section 9, it is clear that he would be liable on his bond to his ward, by the express letter of the statute, " for ten per cent. in damages on the whole amount of estate, both real and personal, in his hands belonging to such ward."

But, in the case at the bar, the relator did not allege in his complaint, as a breach of the bond in suit, that the said Rankin Baldridge had failed to render to the proper court, at least biennially, a verified account of his receipts and expenditures, as such guardian; nor was any evidence introduced on the trial, which tended even to show any such breach of his duty, as guardian, by said Baldridge. The breach relied upon by the relator, and to sustain which his evidence was chiefly addressed, as we have seen, was the failure of said Rankin Baldridge to comply with the duty imposed upon him in and by the fourth clause, above quoted, of said section 9 of the statute, in this, that at the expiration of his trust, by his removal from said guardianship, he did not fully account for and pay over to the relator, as his successor in said trust, all of the estate of the ward remaining in his hands, as he was required to do by the terms of the statute, and by the order of the proper court.

The act of June 9th, 1852, touching the relation of guardian and ward, contains no express provision for an assessment of damages, in an action upon the bond of the guardian, for any breach of his duty as such guardian, except in the single case mentioned in the said third clause, above quoted, of said section 9 of the act, of his failure to render a verified account of his receipts and expenditures, to the proper court, " at least once in every two years." Therefore, it is argued by the appellants' counsel, that, as the appellee's relator did not, either in his complaint or by his evidence, make the case provided for in said third clause of section 9 of the statute, the court erred in instructing the jury to allow him ten per cent. on the amount found

due from Rankin Baldridge, as damages. On the other hand, the relator's learned attorney earnestly insists, that the court's instruction on the question of damages was fully authorized by law. In support of his position, the relator's counsel relies upon section 13 of the statute touching the relation of guardian and ward, and the law referred to in said section. It is provided in said section 13, as follows :

" Any bond given by any guardian, may be put in suit by any person entitled to the estate ; and such suit shall be governed by the law regulating suits on the bonds of executors and administrators." 2 R. S. 1876, p. 592.

" The law regulating suits on the bonds of executors and administrators " is contained in section 163 of the act providing for the settlement of decedents' estates, and is expressed in the following language : " And the measure of damages in all such suits, shall be the value of the property converted, destroyed, embezzled or concealed, the injury sustained by the estate, or any person interested therein, interest on money retained, such exemplary damages as the court or jury trying the case may be willing to give, and ten per centum on the whole amount assessed." 2 R. S. 1876, p. 551.

If this section of the act for the settlement of decedents' estates prescribes the true rule for the measure of the relator's damages, in the case now before us, then it would seem to be certain that the court did not err in instructing the jury to allow, as damages, ten per centum on the whole amount found due from the appellant Rankin Baldridge. This question was first presented to this court in the case of *Potter* v. *The State, ex rel. Thompson,* 23 Ind. 550, and in another case, between the same parties, 23 Ind. 607. Each of these cases was a suit on a guardian's bond, and in each the breach complained of appeared to have been the failure of the guardian, at the expiration of his trust, to account for and pay over to the proper person all

the estate of the ward remaining in his hands, and in both of said cases, it was held by this court, that, under and by force of said section 13 of the guardians' act, the measure of damages in suits on the bonds of executors and admin istrators, prescribed in said section 163 of the decedents' estates' act, was made applicable to suits on guardians' bonds, and that for this reason, in such latter suits, " the court below was right in adding the ten per cent. to the amount found to be retained by the guardian." In the case of *Colburn* v. *The State, ex rel. Arnold,* 47 Ind. 310, which was a suit on a guardian's bond for the failure of the guardian to account for and pay over moneys received by him, to the proper person, it was again decided by this court, that, by section 13 of the guardians' act, said section 163 of the act providing for the settlement of decedents' estates was made applicable to, and prescribed the rule for the measure of damages in, suits upon guardians' bonds.

In the case of *Richardson* v. *The State, ex rel. Crow,* 55 Ind. 381, which was also a suit on a guardian's bond, it would seem that this court took a different view from the one previously taken in the cases above referred to, of the force and effect of said section 13 of the act touching the relation of guardian and ward. In the case last cited, it appears that five several breaches of the bond in suit were assigned in the complaint, but the opinion in the case does not disclose with certainty the precise nature of these several breaches. After quoting said section 13, and after citing said section 163 of the act for the settlement of decedents' estates, it was said by the court: " But we can not hold this " (section 13) " as embracing the rule of damages declared by section 163, above cited. The Legis- lature has seen proper to prescribe a different rule of dam- ages for the breach of an administrator's or executor's bond, (sec. 163, *supra,*) from that prescribed for the breach of a guardian's bond, (sec. 9, *supra,*) and as we can not suppose that they intended to prescribe two different

rules of damages for the breach of a guardian's bond, we must adhere to the rule laid down in the act touching the relation of guardian and ward, rather than to refer it to the rule declared in the act providing for the settlement of decedents' estates." In the same case, in speaking of said section 163, it was further said: " That section is not applicable to the rule of damages on the bond of a guardian. The third clause of section 9 ( 2 R. S. 1876, p. 589,) prescribes the rule of damages in a suit on a guardian's bond, namely, ten per cent. on the whole amount of the estate, both real and personal, in his hands belonging to such ward."

In the case now before us, the learned counsel upon both sides, of the appellants and of the appellee's relator, apparently concur in the view, that the rule of damages prescribed in said third clause of said section 9 is limited by the express terms of said third clause, to a breach of the particular duty of the guardian mentioned therein, namely, " to render on oath to the proper court an account of his receipts and expenditures as such guardian, verified by vouchers or proof, at least once in every two years ; " and that the act touching the relation of guardian and ward contains no provision whatever, from its enacting clause down to and including the last word of the last section therein, whereby this rule of damages, in said third clause mentioned, is made applicable to any other breach of any other duty of a guardian to his ward. From this point of concurrence, however, the lines of argument of the respective counsel have widely diverged each from the other.

It is earnestly insisted by the appellants' counsel, that, because of the express letter of the third clause of said section 9, the rule of damages, in a suit on the bond of a guardian, for a failure to render his verified accounts as therein required, is limited and confined to the case of a breach of the particular duty of a guardian declared and set forth in

said third clause, and because this rule of damages is not extended or made applicable, by any other statutory provision, to any other breach of any other duty of a guardian, therefore, the instruction of the court to the jury trying the cause, directing them to add as damages ten per centum on the whole amount found due from Rankin Baldridge, was unauthorized by law and erroneous. The argument of the appellants' attorneys is that this court has decided, in the case of *Richardson* v. *The State, supra,* that the third clause of said section 9 prescribes the only rule of damages in a suit on a guardian's bond, that, by the express terms of said third clause, the damages provided for therein are given for the reason, and for no other reason, that the guardian has failed to render on oath to the proper court an account of his receipts and expenditures, as such guardian, verified by vouchers or proof, at least once in every two years, that, in the case at bar, it was neither alleged nor proved that the said Rankin Baldridge had failed to render to the proper court, at least biennially, his verified accounts of his receipts and expenditures, as such guardian, and that, for this reason, the court erred in instructing the jury to add ten per cent. damages to the whole amount found due from said Baldridge, in this case.

On the other hand, the relator's counsel insists that, by reason of the fact that the rule of damages prescribed in the third clause of said section 9 is apparently limited, by the terms of said clause, to the single breach of the duty of a guardian mentioned therein, namely, to render to the proper court, at least biennially, his verified accounts of his receipts and expenditures as such guardian, it ought to be and must be assumed that the Legislature fully intended, in and by the enactment of said section 13, above quoted, of the act touching the relation of guardian and ward, to provide the same measure of damages in suits upon the bonds of guardians, for other breaches of duty than

the comparatively trivial one specified in said third clause, as was provided in said section 163 of the decedents' estates' act, in suits upon the bonds of executors and administrators. It is urged by counsel with much force, that the construction of the statute, in accordance with the views of the appellants' attorneys, would necessarily involve the Legislature and the courts in the apparent absurdity of subjecting a guardian to heavy damages for his mere failure to render his verified accounts to the proper court as often as the statute directs ; while, for the more grievous breaches of his duty, such as the embezzlement or conversion to his own use of his ward's estate, no damages whatever would or could be assessed against him. We are not inclined to adhere to such a construction of the statute as might possibly authorize such an argument or conclusion.

It seems to us, that the rule of damages prescribed in the third clause of said section 9 is applicable only, in a suit upon a guardian's bond, to a breach of the particular duty of a guardian specifically mentioned in said clause ; but that in such a suit, for any breach of any other duty of a guardian, the measure of the relator's damages is and must be, under and by force of said section 13 of the act touching the relation of guardian and ward, " governed by the law regulating suits on the bonds of executors and administrators," as the same is declared and set forth in said section 163 of the act providing for the settlement of decedents' estates. This conclusion is in conflict with some of the statements in the opinion of this court, in the case of *Richardson* v. *The State, ex rel.*, etc., *supra ;* but a re-examination of the questions, and of the statutes bearing thereon, has led us to the conclusion that those statements were and are erroneous. To the extent of any such conflict, the case last cited is directly overruled ; though it would seem that the case was indirectly overruled in the more recent case of *Bescher* v. *The State, ex rel. Hammann,* 63 Ind. 302. From

what we have said, it follows of course, that the court did not err, in our opinion, in instructing the jury to add ten per cent. in damages to the whole amount found due from Rankin Baldridge.

We think that the court erred in instructing the jury to allow interest at the rate of ten per centum per annum on the amount found to be due from Rankin Baldridge to the relator's ward. In the absence of a written promise to pay a higher rate, six per centum per annum is the legal rate of interest in this State; and in this case the evidence did not show that there was any written contract for the payment of interest. The special findings of the jury show, that interest was allowed at the rate of ten per cent. per annum, to the amount of $50.46. Two-fifths of the latter sum, to wit, twenty dollars and nineteen cents, were in excess of the interest legally due. Upon this illegal interest, ten per cent. damages, to wit, $2.01, were allowed by the jury, which sum, when added to such illegal interest, showed that the damages assessed in the general verdict in this case were excessive in the aggregate sum of twenty-two dollars and twenty cents. In all other respects, it seems to us, from our examination of the record, that the cause was fairly tried and a right conclusion was reached in the general verdict of the jury, and the judgment below thereon.

If, therefore, the appellee's relator will, within sixty days from this date, enter a *remittitur* of twenty-two dollars and twenty cents on the judgment below, the residue of said judgment will be affirmed, but otherwise the entire judgment will be reversed, and, in either event, at the relator's costs.