Stroup, Administrator, *et al. v.* The State, *ex rel.* Fitch *et ux.*

---

Stroup, Administrator, et al. *v.* The State, ex rel. Fitch et ux.

GUARDIAN AND WARD — *Complaint on Guardian's Bond.— Variance. — Copy.* —In an action on a guardian's bond, the complaint alleged that the guardian had been appointed by the common pleas court, while the copy of the bond, filed with the complaint, recited that such guardian had been appointed by the circuit court.

*Held,* on demurrer, that the variance is immaterial, as, under section 790, 2 R. S. 1876, p. 311, the informality is cured.

SAME.—*Guardianship Terminates on Ward's Majority.—Action.—*When a ward arrives at the age of twenty-one years, the guardian's trust expires by limitation of law, and it is his duty to "fully account for and pay over to" his ward "all of the estate of the ward remaining in his hands." And, on his failure so to do, the ward may sue him on his bond, without procuring his removal.

SAME —*Immaterial Averment.—Evidence.—*An averment, in a complaint on a guardian's bond, that "the bond has not been exhausted," is immaterial, and, therefore, evidence in support of such allegation is unnecessary.

SAME.—*Damages.*—Under section 13 of the act concerning guardians and wards, 2 R. S. 1876, p. 592, and section 163 of the act regulating the settlement of decedents' estates, 2 R. S. 1876, p. 551, ten per centum penalty on the whole amount assessed against the defendants may be added thereto, in a suit on a defaulting guardian's bond.

EVIDENCE.—*Failure to Swear Witness.*— *Waiver.*—After being sworn, a witness, who was hard of hearing, answered in the negative a question as to whether she had heard the oath administered, but nevertheless her testimony was received without objection, and no motion was made to strike it out until several days after the evidence had all been submitted, though made before the finding was announced.

*Held,* that a new trial should not be granted on the ground that the witness had not been sworn.

From the Clinton Circuit Court.

*J. N. Sims* and *S. Vanton,* for appellants.

*S. H. Doyal* and *P. W. Gard,* for appellee.

HOWK, J.—This was a suit by the appellee's relators, against the appellants, upon a guardian's bond.

In their complaint, the relators alleged, in substance, that on the 22d day of February, 1865, the appellant Andrew Merritt was duly appointed guardian of the person and property of the relatrix Mary Fitch, then Mary Merritt, a minor, and letters of guardianship were then duly granted to said Andrew Merritt by the Court of Common Pleas of Clinton County, Indiana; that, on the same date, the said Andrew Merritt and Jacob Stroup executed their bond, payable to the State of Indiana, in the sum of two thousand dollars, conditioned that the said Andrew Merritt should faithfully perform the duties of his trust, as such guardian; that on the 16th day of October, 1869, the said guardian had in his hands, belonging to his said ward, the sum of three hundred and sixteen dollars and eighty cents; that the said guardian had failed and neglected to pay over said sum or any part thereof, to the relatrix Mary Fitch, or to pay the same into court for her benefit; that said guardian had failed and neglected to make any report to the court of the condition of his ward's estate, since the 16th day of Octo-

ber, 1869; that said bond had not been exhausted by suit or otherwise, but was in full force and effect in law; that the relatrix was the wife of her co-relator, and was twenty-one years old before the commencement of this suit; and that the said Jacob Stroup had died in 1876, and the appellant John Stroup was the administrator of said decedent's estate. Wherefore, etc.

The appellant's demurrer to the complaint having been overruled, and their exception saved to this decision, the appellant Stroup separately answered in two paragraphs, and the relators replied by a general denial, putting the case at issue.

A trial of the cause by the court resulted in a finding and judgment for the appellee's relators, in the sum of five hundred and twenty-three dollars and twenty-two cents; and the appellants' motion for a new trial having been overruled, and their exception entered to this ruling, they appealed from the judgment rendered to this court.

The appellants have here assigned the following errors:

1. The court erred in overruling their demurrer to the complaint;

2. The court erred in overruling their motion for a new trial; and,

3. The relators' complaint did not state facts sufficient to constitute a cause of action.

The first and third errors alike call in question the sufficiency of the complaint, and will be considered together.

The chief objection to the complaint, suggested by the appellants' counsel, is, that the copy of the bond filed with the complaint is not a copy of the bond described therein. The point of variance between the bond described in the complaint, and the copy of the bond therewith filed, is this: That it is alleged in the complaint, that said Andrew Merritt was appointed guardian by the court of common pleas of Clinton county,

but, in the copy of the bond filed with the complaint, it is recited that he was appointed such guardian by the circuit court of said county. We do not regard this variance as material, and certainly it did not vitiate the complaint. The bond appeared to have been taken by the clerk of the court, in the discharge of the duties of his office; and, in such case, it is provided in section 790 of the code, that no such bond "shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged." 2 R. S. 1876, p. 311. *Railsback* v. *Greve*, 58 Ind. 72.

Appellants' counsel say that "the removal of the guardian is a condition precedent to the maintenance of such action." It was alleged in the complaint, that the ward, Mary, had been twenty-one years of age two years before the commencement of this suit. When she arrived at lawful age, the guardian's trust expired by limitation of law; and it then became the guardian's duty, under the fourth clause of section 9 of "An act touching the relation of guardian and ward," approved June 9th, 1852, "At the expiration of his trust, fully to account for and pay over to" his ward, Mary Fitch, "all of the estate of his said ward remaining in his hands." 2 R. S. 1876, p. 589. *Stumph* v. *The Guardianship of Pfeiffer*, 58 Ind. 472.

We think that the relators' complaint in this case stated facts sufficient to constitute a cause of action.

In their motion for a new trial, the following causes therefor were assigned by the appellants:

1.   That the damages were excessive;

2.   Error in the assessment of the amount of recovery, it being too large;

3.   That the finding was not sustained by sufficient evidence;

4.   That the finding was contrary to law; and,

5.   That the court erred in overruling the appellants'

motion to strike out the testimony of the relatrix Mary Fitch.

It is claimed by the appellants' counsel, that the evidence was not sufficient to sustain the finding and judgment of the court, because, they say, " there was no evidence tending to show that the bond had not been exhausted, as alleged in the complaint,—having made the averment, the relatrix was bound to prove it." It seems to us, however, that the averment was an immaterial and unnecessary one, that it constituted no part of the relators' cause of action, and that the relatrix was not bound to prove it. If the penalty of the bond had been exhausted, it constituted matter of defence, and should have been alleged and proved by the appellants.

Again, the appellants' counsel say : " There was no evidence tending to identify the relatrix Mary F. Fitch with the ward Mary F. Merritt, nor that the guardian had not settled with her, except what was deposed to by the witness Mary F. Fitch ; " and they claim that her statements were not evidence, because, they say, they were not made by her with the sanction of an oath. It is insisted by counsel, that the court erred in overruling the appellant's motion to strike out the testimony of the relatrix Mary F. Fitch. It appears by the record, that the cause was tried by the court, and taken under advisement, on the 5th day of April, 1878. On the trial, the relatrix Mary F. Fitch was called as a witness, and, being hard of hearing, she was told by her counsel, in a loud tone of voice, to hold up her right hand and be sworn ; and she then held up her right hand, while the judge of the court administered to her the usual oath of a witness. After she had testified in chief, she was aked by the appellants' counsel, in a loud tone of voice, the following question : " Did you hear what the judge said to you, when you held up your hand ? ". To which she answered : " No, I did not under-

stand what he said." The appellants did not ask, upon receiving this answer, that the relatrix should be resworn and re-examined; nor did they then move the court to strike out her testimony. On the 11th day of April, 1878, six days after the trial of the cause, they filed their motion to strike out her testimony. We are of the opinion that this motion came too late, and was therefore correctly overruled. From the failure of the appellants to object to the testimony of the relatrix, at the time of the trial, both the court and the appellees might have reasonably concluded that the appellants had waived any such objection.

It is claimed by the appellants' attorneys, that the damages assessed by the court were excessive, because they say that the law did not authorize the assessment of ten per centum damages on the amount of principal and interest found due the relatrix. Counsel are mistaken, we think, in this view of the law. In section 13 of the act touching the relation of guardian and ward, it is provided that suits upon guardians' bonds " shall be governed by the law regulating suits on the bonds of executors and administrators." 2 R. S. 1876, p. 592.

The law regulating suits on the bonds of executors and administrators is contained in section 163 of the act for the settlement of decedent's estates; and, in that section, it is provided that the measure of damages in all such suits shall be, *inter alia*, " ten per centum on the whole amount assessed." 2 R. S. 1876, p. 551. *Baldridge* v. *The State*, 69 Ind. 166.

For the reasons given, we are of the opinion that the court did not err in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.