No. 9012.

FERGUSON ET AL. *v.* THE STATE, EX REL. HAGANS ET AL.

PARTITION.—*Commissioner to Sell.—Distribution of Proceeds.—Bond. — Complaint.—Demand.*—A commissioner appointed, in a suit for partition, to sell lands, is required by statute, R. S. 1881, section 1204, to pay the money realized to the persons entitled, on the order of court, without demand, and a complaint upon his bond for failure need not aver demand.

SAME.—*Defects of Complaint Cured after Verdict.*—A complaint on the bond of a commissioner appointed to sell lands in partition, alleging for breach a failure to pay the money realized to the parties entitled, which avers that the money is due and unpaid, is not bad after verdict for failure to allege that the court had made an order for its payment.

SAME.—*Interest.—Principal and Surety.*—A commissioner selling lands in partition is, by virtue of the statute, R. S. 1881, section 5200, liable for interest from the time when he should have paid the money to those entitled, and so are the sureties on his bond.

SAME.—*Evidence.—Record.—Payments.—Receipts.*—In a suit upon the bond of a commissioner to sell lands in partition, a record of the partition cause, showing that the court had set aside reports of the commissioner after they had been approved, and had disallowed credit for certain receipts which had been presented as vouchers, is, *it seems*, proper evidence, and certainly it is harmless where it is otherwise distinctly proved that the payments covered by the receipts had not in fact been made.

DECEDENTS' ESTATES.—*Appointment of Administrator.*—The validity of the appointment of an administrator can not be questioned collaterally.

SAME.— *Witness.—Competency of Party.*—In a suit against the administrator of the principal debtor and his sureties, the plaintiff might testify for himself, under the statute, Acts 1879, p. 245, if the administrator consented. The sureties could not object in such case.

RECEIPT.—*Evidence.—Payment.*—A receipt is but *prima facie* evidence of payment, and may be contradicted by oral evidence.

From the Clark Circuit Court.

*D. C. Anthony* and *M. C. Hester,* for appellants.

*J. H. Stotsenburg,* for appellees.

HAMMOND, J.—This was an action by the State, on the relation of Mahala Hagans, against Samuel M. Perry, administrator of Samuel L. Robinson, deceased, and the appellants. The action was upon a bond executed by Robinson, as principal, and the appellants, as sureties, in a partition action,

commenced in the common pleas court and afterwards transferred to the circuit court of Clark county. Robinson was appointed commissioner by the court, in that action, to sell real estate, and gave the bond in suit in the penalty of $4,000, to secure a faithful discharge of his duties. It is averred in the complaint that Robinson, as such commissioner, sold the land, and collected the purchase-money, amounting to $1,881; that he paid costs and expenses amounting to $101.25; that twenty-five forty-eighths of the residue should have been paid to the relatrix, according to the finding and judgment of the court, but that no part of the same had been paid to her; and that it was due and unpaid. Prayer for judgment in the sum of $1,250.

The administrator answered by the general denial. The appellants answered in seven paragraphs. The first was the general denial. The seventh paragraph of their answer was also called a cross complaint against the administrator. The plaintiff and administrator separately demurred to the seventh paragraph. Each demurrer was sustained, and to these rulings the appellants excepted. Reply in denial; trial by the court; finding and judgment for the plaintiff in the sum of $953; motion by the sureties for a new trial overruled; exceptions; and appeal by them to this court.

Five errors are assigned in this court. The fifth, which will be first considered, is, that the complaint does not state facts sufficient to constitute a cause of action.

It is objected to the complaint, that it does not aver a demand before suit.

The law makes it the duty of the commissioner appointed by the court to sell real estate in an action of partition, after paying costs and expenses, to pay the moneys arising from the sale to the persons entitled thereto, according to their respective shares, under the direction of the court. Section 1204, R. S. 1881. The order of court as to distribution fixes the time of payment. It is then the duty of the com-

missioner, without demand, to pay the parties their respec-- tive shares of money in his hands.

In *Frazee* v. *McChord*, 1 Ind. 224, this court formulated the following rules respecting a demand.

"1. When the time and place of payment are fixed in the contract, no demand is necessary, before suit:

"2. When the time of payment is fixed and the place is left undetermined by the contract, no demand is necessary.

"3. If the contract be to pay on demand, a special de-- mand before suit is necessary; though on a contract to pay money such demand is not necessary.

"4. When the place of payment is fixed by the contract, but the time is left undetermined, a demand before suit is necessary.

"5. When both the time and place of payment are left unde-- termined by the contract, a demand before suit is necessary."

See, also, 1 Works Practice, sections 260–263, and au-- thorities cited.

The second rule above is applicable to this case. The time of payment was fixed by the order of court directing distribution.

The case of *Owen* v. *State*, 25 Ind. 107, strongly supports this view. That, like this, was an action on a bond executed by a commissioner appointed by the court to sell real estate in a partition case. It was said in that case: "The cause of action accrued upon the failure of the commissioner to pay over the money within a reasonable time after he received it, under the direction of the court."

It has been decided by this court that when a ward dies, arrives at lawful age, or, being a female, marries, the guar-- dian's trust expires, and it is then his duty fully to ac-- count for and pay over to the proper person all the estate of his ward remaining in his hands. *Stumph* v. *Pfeiffer*, 58 Ind. 472; *Stroup* v. *State*, 70 Ind. 495. In such case, suit may be maintained on the guardian's bond, without a demand

being first made. *Hudson* v. *State*, 54 Ind. 378; *Baldridge* v. *State*, 69 Ind. 166; *Higgins* v. *State*, 87 Ind. 282.

In *Nutzenholster* v. *State*, 37 Ind. 457, it was held, in an action on a constable's bond for failure to pay over money collected on execution, that it is unnecessary to aver or prove a demand, for the reason that the statute makes it the duty of a constable "to pay over to the proper plaintiff, or to the proper justice, without delay, all money by him collected by virtue of any writ."

We think it may be stated generally as the law, that, when the time for payment is fixed by contract or by law, no demand before suit is necessary.

It is also objected to the complaint that it fails to charge that the court, in the partition action, had made any order directing the commissioner to pay the money to the parties entitled to it. We think the complaint was defective in this respect, and that it should have been held bad on demurrer. But the complaint does aver that the amount sued for was due and unpaid. It could not have been due without an order of court directing distribution. While the averment that the amount is due is a conclusion rather than the statement of a fact, and, therefore, demurrable, we are of the the opinion that the defect was cured by the finding. As against an objection coming for the first time in this court, the complaint, thus aided by the finding, should be held sufficient. *Parker* v. *Clayton*, 72 Ind. 307; *Charlestown School Tp.* v. *Hay*, 74 Ind. 127; 1 Works Pr., sec. 533.

We will now consider the other errors assigned in the order in which they are numbered. Errors numbered one and two relate to the rulings of the court in sustaining the plaintiff's and the administrator's demurrers to the seventh paragraph of the appellants' answer, also called a cross complaint. Respecting this pleading, we make the following extract from the appellants' brief:

"The seventh paragraph was pleaded both as an answer to the plaintiff's complaint and as a cross complaint against

Perry. It averred that Robinson died in Clark county, Indiana, in June, 1875, leaving surviving him a widow, Alice V. Robinson, and owning less than five hundred dollars of property; that at the December term, 1875, of the Clark Circuit Court, the said court made an order vesting the said estate entirely in said widow, and ordering that letters of administration on said estate should not be issued; that on the 11th day of September, 1876, the said court, on the application of said Perry, without any notice to said Alice V., and without any order setting aside the said entire investment in the said widow, improvidently granted letters of administration on the said estate to said Perry; that said Perry, before and since said letters were granted him, had been in collusion with said relatrix, aiding her in the prosecution of her said claim against the estate of Robinson as well as against these appellants. Appellants claimed that, by reason of the premises, there was a defect of parties defendants, in this, that the said Alice V. Robinson was not made a party to represent said estate in the stead of Perry, and that the legal representative of said estate was not made a party. This paragraph was duly verified."

We do not think the pleading referred to was good either as an answer to the plaintiff's complaint or as a cross complaint against the administrator. It certainly stated no fact that would be a bar to the right of the relatrix to recover, nor any cause of action against the administrator. The facts stated did not show that Robinson's widow was either a necessary or a proper party. While the appointment of an administrator, under the facts stated, was irregular and would probably be ground in a direct proceeding for revoking his letters, such appointment was not void. It can not be attacked in a collateral proceeding.

It does not appear from the pleading why the widow, Alice V. Robinson, should be made a party, even if the appointment of the administrator was void, and the estate was in the condition of being without an administrator. It is not shown that she would be in any way liable for the payment of the

debts of her deceased husband; on the contrary, the facts stated show that she would not be liable. No cause of action could have been stated against her; besides, the pleading does not aver that she is living, and without this averment it would be insufficient even if the facts had otherwise shown that she was a necessary party. *Levi* v. *Haverstick*, 51 Ind. 236. The pleading was insufficient for another reason. The bond in suit was joint, and the law is familiar that where a joint obligor dies, suit may be maintained against the survivors without making the executor or administrator of the deceased obligor a party. At common law he could not be made a party; but under the code of 1852, under which these proceedings were had, the plaintiff might, at his option, in suing, join the administrator or executor with the surviving obligors. *Braxton* v. *State, ex rel.*, 25 Ind. 82; *Hays* v. *Crutcher*, 54 Ind. 260.

The present statute has changed this rule. Section 2310, R. S. 1881. The fact that the relatrix elected to make the administrator a party, instead of proceeding only against the appellants as she might have done, neither benefited nor prejudiced the appellants. She might have dismissed as to the administrator, without affecting her right of action against the appellants. Whether the administrator was or was not a party, or whether his appointment was valid, irregular or void, was a matter that did not in the least concern the appellants. As to the alleged collusion between the relatrix and the administrator, it is sufficient to say that no fact is stated that affects the substantial rights of the parties, or that calls for the introduction of a new party. The pleading was manifestly not good for any purpose, and the court correctly sustained the demurrers to it.

In the third error assigned, it is claimed that the court erred in overruling the appellants' motion to suppress the relatrix's deposition. This is no cause for the assignment of an error in this court. Had it been made one of the reasons for a new trial, it would be considered under the alleged error of overruling that motion. But, as it was not embraced in that motion, the question attempted to be raised is not before us.

The fourth error assigned is that the court erred in over-ruling the appellants' motion for a new trial.

The first and second reasons for a new trial were that the finding of the court was contrary to law and not sustained by the evidence. The record evidence shows that the commissioner, at the time of his appointment to sell the real estate, on January 12th, 1871, was directed to pay the costs out of the first money received from the sale, and to pay the remainder, as it came into his hands, to the parties according to their respective interests—the twenty-five forty-eighths thereof to be paid to the relatrix. A sale of the land was afterwards reported to, and confirmed by, the court. On January 18th, 1873, the commissioner reported the collection of all the purchase-money, amounting, with interest, to $1,881. He at the same time reported a partial distribution, showing payment of costs and expenses to the amount of $101.25, and filing, as vouchers, two receipts executed by the relatrix. The first was for $259.76, dated February 19th, 1871. The other was for $326.56, dated November 11th, 1871. On January 5th, 1875, the commissioner filed his final report of distribution, with the relatrix's receipt, without date, for $341.42. These reports were approved by the court.

In December, 1876, the relatrix filed her motion in the court to set these reports aside as to her, on the ground of fraud, alleging that none of the money covered by her receipts had been paid to her. After various proceedings her motion was granted, in January, 1879. The original parties in the partition case and Robinson's administrator were, but the appellants were not, parties to the proceedings to set aside the report of the commissioner. The evidence of the relatrix, on the trial of the present case, was to the effect that she never received from the commissioner any part of the purchase-money of the land, except the amount for which the first receipt was given. Her evidence also tended to show that she moved with her husband to Kansas about the time of the giving

of the second receipt, and has resided there since that time, and that the second receipt was given, but no money received on it, just before she removed to that State.   The last receipt, as she testifies, was sent to her after her removal by the commissioner, and was signed and returned by her to him.   No money, as she testifies, was ever received by her on this receipt.   Her evidence, in some particulars, was not very clear, and there were unimportant discrepancies in it; but we think the trial court might have found from it the facts as above stated.  The law is too well established to call for a citation of authorities that a receipt is only *prima facie* evidence of payment, and may be explained or contradicted by oral proof.

We think that the finding of the court was sustained by the evidence, and that it was not, therefore, contrary to law.

The third reason for a new trial was because of error in assessing too large an amount in favor of the plaintiff.  The only question on this point is whether the relatrix was entitled to interest.   " On money had and received for the use of another, and retained without his consent, interest shall be allowed at the rate of six dollars a year on one hundred dollars." Section 5200, R. S. 1881.   We think it was clearly inferable from the evidence, that the relatrix was kept out of her money nearly eight years without her consent, and was put to vexatious litigation, attended necessarily with expense, resulting from the dishonesty of the commissioner.   Her only security was the bond voluntarily executed by the appellants.   While they had no participation in the fraud of their principal, and it is a hardship for them to suffer for his defalcation, it is a hardship imposed by law growing out of an obligation that placed it in his power to perpetrate the wrong complained of.  Interest at six per cent. from the time of the receipt of the money by the commissioner to the date of the trial, added to the principal sum due the relatrix, makes an amount larger than that found by the court.  We think the damages assessed were not excessive.

The fourth reason for a new trial was the admission in evidence of the deposition of the relatrix.   This was objected

to by the appellants on the ground that an administrator was. a party defendant. The law in force on this subject at the time of the trial was as follows : "In all suits where an * * * administrator * * * is a party, in a case where a judgment may be rendered either for or against an estate represented by such * * * administrator, * * * neither party shall be·allowed· to testify as a witness, unless required by the opposite party or the court trying the cause." Acts 1879, p. 245.

The record shows that the administrator consented to the admission of the evidence complained of. We think he could do this. The statute was enacted in the interest of the estates of deceased persons. Their personal representatives may waive its provisions, and not only require but consent to the opposite party to testify. It is possible that for an abuse of this. discretion they would be liable to creditors or other distributees of the estate injured by such evidence; others, however, may not complain. Had the relatrix elected, as she might, to sue the appellants without joining the administrator, her right to testify could not be questioned. As the administrator consented, there is no reason why she should be deprived of the benefit of her own evidence because of an election to make him a party, which election, as already stated, could neither benefit nor prejudice the appellants. Under the circumstances, we think there was no error in receiving her testimony.

The fifth and last reason for a new trial was, that the court erred in admitting in evidence the record of the proceedings of the relatrix which resulted in setting aside the reports of the commissioner and the court's approvals thereof, as to payments alleged to have been made to her. We think that the admission of this record was harmless. The law requires executors, administrators and guardians to make final settlements. These, when approved by the court, are conclusive until set aside. Sections 2402-3, R. S. 1881 ; *Pate v. Moore,* 79 Ind. 20 ; *State v. Slauter,* 80 Ind. 597. But there is no law requiring such reports from commissioners appointed to sell real estate. Such reports are proper and may no doubt

be required by the court; but while filed, as in the case in which the commissioner was appointed, if, as in the present case, they are filed and acted upon by the court without notice to the parties interested, they are simply *ex parte*, and afford nothing more than *prima facie* evidence. They do not, in such case, without being set aside, bar an action on the commissioner's bond. Where a fraud is practiced upon the court by a false report, bolstered up by sham vouchers, it is a duty which the court owes to itself, when the matter is properly brought to its notice, to purge its records of the fraud. Notice in such case to the commissioner, or if he is dead to his personal representative, is sufficient. While the introduction in evidence of the record complained of was not necessary to maintain the relatrix's suit, it was proper, or, at any rate, did. no harm.

We have carefully examined every available objection to the proceedings of the trial court, and can find no error.

Judgment affirmed, at appellants' costs.

HOWK, J., did not participate in this decision.