· No. 1,333.

## BERNHAMER *v.* STEEG ET AL.

GUARDIAN AND WARD.—*Removal of Guardian.*—*Failure to Account.*— *Penalty.*—*Demand.*—Where a guardian is removed by order of court, and fails and refuses to account to his successor in the trust, a complaint against him and his sureties which alleges these facts will, if supported, authorize the imposition of the statutory ten per cent. penalty, although a demand is not specifically averred.

From the Marion Circuit Court.

*F. J. Van Vorhis* and *W. W. Spencer*, for appellant.

*J. S. Duncan* and *C. W. Smith*, for appellees.

DAVIS, J.—Appellant Bernhamer was guardian of Charles F. Miller and others, infants under the age of twenty-one years. In this action against him and the sureties on his bonds, as such guardian, it is alleged in the complaint, among other things, that in September, 1887, it was duly ordered by the court having jurisdiction that said Bernhamer "be removed from the guardianship of said wards," and that "he has wholly failed, neglected and refused to account for, pay over and deliver to the relator herein as his successor in said guardianship, the moneys, property, choses in action, and other assets in his hands belonging to said wards."

It appears that his successor was duly appointed in September, 1887, and that the suit was instituted in October, 1890.

The special finding of the court shows "that at the time of the removal of said Will F. A. Bernhamer from said guardianship he was ordered and directed by the court within thirty days thereafter to account to and pay and deliver to his successor all money and property with which he was chargeable on account of his said guardianship," and, further, "said relator demanded from

him a full settlement and accounting of and concerning the matters of his guardianship which said demand was, by said Bernhamer, refused, and he has ever since failed and refused to pay to said relator the sums due to the estate of said wards."

Judgment was rendered against the appellant for the amount in his hands, with ten per cent. added. Sections 2613 and 2614, R. S. 1894.

It is strenuously insisted by counsel for appellant, that under the issue tendered by the complaint the relator was not entitled to recover the ten per cent. penalty provided in said sections. This is the only question presented for our consideration. The contention is that a demand was necessary before the court could impose the ten per cent. penalty; that no demand is alleged, and that the finding on the question of demand was entirely unsupported by any allegation in the complaint, and should not be considered.

Counsel for appellant rely on *Buchanan, Admr.,* v. *State, ex rel.,* 106 Ind. 251, as supporting their position.

In that case the guardian died, and in an action against the administrator of his estate and the sureties on his bond the court held that before there could be an "imposition of the ten per cent. penalty there must, at least, be a demand for the money and a refusal to pay." That decision, as applicable to the facts, was correct, but is it in point here?

It was the duty of appellant, "at the expiration of his trust, fully to account for and pay over to the proper person all of the estate of said ward remaining in his hands." Section 2685, R. S. 1894.

In *Stroup, Admr.,* v. *State, ex rel.,* 70 Ind. 495, which was an action against the guardian on his bond, the allegation was "that the said guardian had failed and neglected to pay over said sum or any part thereof to the

relatrix,'' and it was held, in that case, that the relatrix was entitled to recover the penalty. See section 2691, R. S. 1894; *Baldridge* v. *State, ex rel.*, 69 Ind. 166; *Colburn* v. *State, ex rel.*, 47 Ind. 310.

In *Baldridge* v. *State, ex rel., supra,* it was held that where a guardian had failed, refused and neglected, after his removal, to pay over to his successor in trust the balance in his hands, or any part thereof, belonging to the estate of his ward, both he and his sureties were liable for the ten per cent. penalty. *Peelle* v. *State, ex rel.*, 118 Ind. 512.

The allegation in this case is that appellant "failed, neglected, and refused to account for, pay over and deliver" to his successor the moneys, etc., in his hands belonging to said wards.

It was held, in *Snyder* v. *Baber*, 74 Ind. 47, that a demand was implied from such an allegation. See, also, *Burns* v. *Fox*, 113 Ind. 205.

It is conceded, the complaint shows, that appellant was removed as guardian by order of court, that his successor was appointed, that it was his duty to pay to his successor the moneys in his hands, and that he failed and refused, for three years, to discharge this duty.

Under all the circumstances, we believe the authorities cited sustain the contention of appellee that the appellant was liable for the statutory penalty, and that there is no error in the record which would authorize this court to reverse the judgment of the trial court.

Judgment affirmed.

Filed May 11, 1894.