Covey, Administrator, *v.* Neff.

---

COVEY, ADMINISTRATOR, *v.* NEFF.

DECEDENTS' ESTATES.—*Guardian and Ward.*—*Petition by Surety against Administrator of Deceased Guardian.*—*Order of Court to pay over Ward's*

*Estate.—Judgment.—Appeal to Supreme Court.*—A surety upon the bond of a deceased guardian filed a petition against the administrator of such decedent's estate, representing that moneys belonging to the ward were in the hands of such administrator, who was paying the same out upon the general debts of such estate, and praying that the administrator be ordered to make a report of the amount of the ward's estate in his hands and pay the same over to the court for the use of such guardian's successor. Whereupon, under the order of the court, the administrator reported that his decedent's estate was chargeable with a certain sum belonging to such ward, that the estate was insolvent, and that the decedent had so commingled his ward's estate with his own, that the same could not be identified; and thereupon the court approved the report and ordered the administrator to pay into court, for the benefit of the ward, the amount so reported as belonging to him.

*Held,* that the surety, having paid no part of the amount due from his principal, had no right of action, and that such order was erroneous.

*Held,* also, that such order was a final judgment from which an appeal lies to the Supreme Court.

From the Boone Circuit Court.

*J. A. Abbott* and *S. L. Hamilton,* for appellant.

*T. W. Lockhart* and *C. S. Wesner,* for appellee.

NIBLACK, J.—The proceedings in this case were based upon a petition filed by William Neff against Robert D. Covey, administrator of the estate of Abner Gordon, deceased, which represented that the said Abner Gordon was, in his lifetime, the guardian of Nora C. Burch, minor heir of John M. Burch, deceased; that as such guardian the said Gordon executed his bond for the faithful discharge of his duties, with the petitioner, William Neff, as his surety, a copy of which bond was filed with the petition; that afterward the said Gordon received, and there came into his hands, as the assets of his said ward, the sum of four hundred dollars, which he had in his possession at the time of his death; that, after the death of said Gordon, one Logan Russell administered upon his estate; that the said sum of money so belonging to the said Nora C. Burch came into the hands of the said Russell, as such administrator, who never made any report concerning the condition of the

same, or of the estate of the said Nora in the hands of the decedent, Gordon, nor did the said Russell pay over said moneys to any one, for the use of the said Nora, except the sum of one hundred dollars, which he paid into the proper court; that Amanda Easterling has, since the death of the said Gordon, been appointed guardian of the said Nora.

That afterward the said Russell resigned as such administrator, and the said Robert D. Covey was, on the 26th day of April, 1876, appointed administrator of the estate unadministered of the said Abner Gordon, deceased, and took upon himself the duties of such administrator, receiving from the said Russell, his predecessor, three hundred dollars belonging to the estate of the said Nora; that the said Covey has failed and refused to pay said sum of money, either into court or to the present guardian of the said Nora, or to make any report of the condition of said money thus in his hands, but, on the contrary, is paying the same out on the debts due from and owing by the estate of the said Gordon, to the damage of the petitioner in the sum of three hundred dollars.

Wherefore the petitioner asked that the said Covey might be ordered to pay over all moneys in his hands belonging to the said Nora, or which she was entitled to receive from the estate of the said Abner Gordon, as her late guardian, to the clerk of the Boone Circuit Court, for the use of the said Nora, so that her present guardian may receive the same, and for all other proper relief.

Covey answered the petition, admitting that the said Abner Gordon was, in his lifetime, the guardian of the said Nora C. Burch, but alleging that all the money and property which came into his hands as such guardian were by the said Gordon merged into his own estate, and so converted to his own use; that, as such administrator, he had not received any money belonging to the said Nora, or held by the said Gordon as her guardian, only as he had

taken possession of the estate of him, the said Gordon, into which the money and property of the said Nora had been already merged as above stated, and that the estate of the said Abner Gordon was insolvent.

Covey further answered, denying each and every material allegation contained in the petition.

The court thereupon ordered and directed that the said Covey should make and file in said court a final report, showing the amount of moneys in the hands of the said Abner Gordon, as guardian of the said Nora, at the time of his death.

Afterward, at the February term, 1877, of the court below, the said Covey reported under oath, that, on the 21st day of May, 1874, his decedent filed his account current, showing a balance in his hands, as guardian of the said Nora, of four hundred and eleven dollars and thirteen cents; that of that sum one hundred dollars was paid into court by his predecessor, Logan Russell, for the use of the said Nora; that nothing had ever come into his, the said Covey's, hands, to show what disposition had been made by the said Abner Gordon of any portion of the estate of the said Nora, other than as above stated; that no means belonging to the said Nora had ever come into his, the said Covey's, hands, nor had he paid out any thing on her behalf, nor could he find any thing amongst the notes, accounts, or other papers of his decedent, giving him any light upon the subject of said guardianship.

Upon the filing of Covey's report, the court ordered that the same be approved, and that the said Covey should pay into court for the benefit of the said Nora C. Burch the sum of three hundred and eleven dollars and thirteen cents out of the assets of the estate of the said Abner Gordon, deceased, to which decision and judgment of the court the said Covey at the time excepted.

No question is made here upon the sufficiency of the

petition as a complaint, and the only error which is assigned in such a way as to present any question for our consideration is upon the character of the judgment which was rendered upon the pleadings and facts before the court.

Neither the facts stated in the petition nor in Covey's report showed any right of action in Neff, against the estate of Abner Gordon. A surety must first pay the debt for which he is liable, or some portion of it, before he can maintain an action, on account of such suretyship, against his principal, or, as in this case, against the estate of his principal. We see no objection to Neff's petition as a suggestion of reasons why Covey should have been required to report the condition of the estate of the said Nora C. Burch, which was in the hands of his decedent, so far as he was able to do so, but beyond that we are unable to construe it as having any force or effect.

By the approval of Covey's report, the court recognized it as containing a true statement of the situation into which the funds belonging to the said Nora had fallen after coming into the hands of the said Gordon; and by its subsequent action the court practically accepted the matters contained in such report as a finding of the facts enumerated in it.

That report showed that nothing had ever come into the hands of said Covey, which could be identified as either the money or the property of said Nora, and that the said Nora, by reason of the premises, had become simply a creditor of the estate of the said Gordon for the balance which came into his, the said Gordon's, hands, and remained unaccounted for.

The commingling of the estate of his ward with his own money, or other disposition of such estate by the guardian, by which the identity of the ward's money as a separate and distinct fund is destroyed, is a conversion of the estate

of his ward, for which the guardian is liable to his ward, either in a separate action or upon his bond. *The State, ex rel., etc.,* v. *Sanders,* 62 Ind. 562.

The facts reported by Covey indicated a liability of Gordon's estate to the said Nora for the balance still due her, which might be adjusted and paid in the same manner as the claims of other general creditors, but did not, we think, authorize the order and judgment of the court, which was pronounced upon those facts, requiring Covey to pay into court a definite sum of money, without regard to the rights of other creditors of the estate or to the general condition of the estate itself.

The appellee objects that the final order in this case does not constitute such a final judgment as may be appealed from to this court, but we can not sustain that objection. The order in question appears to us to have been such a final disposition of a proceeding in court as amounted to a final judgment, within the meaning of the statute allowing appeals to the Supreme Court. 2 R. S. 1876, p. 238, sec. 550.

So much of the final order and judgment in this case as required the appellant to pay into the clerk's office of the Boone Circuit Court the sum of three hundred and eleven dollars and thirteen cents, is reversed, with costs.

All of which is ordered to be certified.