No. 9244.

HIGGINS, ADMINISTRATOR, ET AL. *v.* STATE, EX REL. SMITH, GUARDIAN.

GUARDIAN AND WARD.—*Action on Bond.*—*Complaint.*—*Decedents' Estates.*— In a complaint by a guardian against the administrator and sureties of a former guardian, who had been dead three years, upon the bond of the deceased guardian, which assigns for breach of the condition of the bond that the former guardian did not pay said sums to said wards, and that his administrators have not paid said sums, or any portion thereof, to said wards, or to any one in their behalf, is good.

Higgins, Administrator, *et al. v.* State, *ex rel.* Smith, Guardian.

SAME.—*Demand.—Administrator.*—Where a guardian has been dead three years a demand by his successor before suing on his bond for money of the wards in the hands of the former guardian is not necessary to fix liability on the sureties, it being the duty of the administrator of the deceased to pay without demand.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer, J. S. Ferris* and *A. F. Wray,* for appellants.

*A. Major, S. Major* and *G. M. Wright,* for appellee.

FRANKLIN, C.—This was a suit by appellee, as guardian, upon the bond of a former guardian, against Wiles and Robertson, as administrators of the principal in the bond, appellant Higgins, as administrator of Blair, one of the sureties, and Vannoy, the other surety. A demurrer was sustained to the first paragraph of the complaint, and overruled as to the second. There was a trial by the court, a special finding made at the request of appellant, and conclusions of law stated. Exceptions were taken to the overruling of the demurrer to the second paragraph of the complaint, and to the conclusions of law. Judgment was rendered for the defendant Vannoy, and against the other defendants, for the sum of $1315.75.

Higgins, as administrator of Blair, has appealed to this court, and assigned as errors:

1st. The overruling of the demurrer to the second paragraph of the complaint.

2d. Error in the conclusions of law.

The objection to the complaint is that it does not state a sufficient breach of the bond. The alleged breach of the bond is as follows: "And plaintiff says that said Robertson, as such guardian, never paid said sums, or any portion thereof, to said wards; and that said Wiles and Robertson, or either of them, as such administrators, have never paid said sums, or any portion thereof, to said wards, or to any one on their behalf."

Robertson, the former guardian, died March 26th, 1876; his administrators were appointed in April, 1876. Appellee Smith, as Robertson's successor, was appointed guardian of

the wards; and this suit was commenced February 18th, 1879. The complaint shows that the money was in the hands of the former guardian at the time of his death. Blair, one of the sureties, died July 10th, 1879. The death of Robertson terminated his guardianship, and upon the appointment of his successor the money was due to him; and the failure of Robertson's administrators for nearly three years to pay over the money and account to appellee, we think, is a sufficient breach of the bond; and there was no error in overruling the demurrer to the second paragraph of the complaint.

The exception to the conclusions of law is based upon the tenth special finding, which states that no demand was made for the money prior to the commencement of the suit, and that no conversion had been made of the funds prior to the death of Robertson. After the death of the former guardian, and the termination of his guardianship, the amount due the wards became a debt against his estate the same as any other indebtedness, and the liability of the sureties must be determined by the liability of the principal. The law makes it the duty of an administrator to pay the indebtedness of the estate, and the failure of the principal has fixed the liability of the surety; and no demand of the principal, or sureties, or their representatives, or either of them, was necessary before bringing suit. *Voris* v. *State, ex rel.*, 47 Ind. 345; *Lane* v. *State, ex rel.*, 27 Ind. 108; *Covey* v. *Neff*, 63 Ind. 391.

In the case of *Hudson* v. *State, ex rel.*, 54 Ind. 378, this court held that in accordance with the statute, which provides that it was the duty of the guardian, "At the expiration of his trust, fully to account for and pay over to the proper person, all of the estate of said ward remaining in his hands." 2 R. S. 1876, p. 590, section 9, clause 4, "No demand, therefore, was necessary. When money is payable at a fixed date, or upon the happening of a certain event, no demand is necessary before suit; and an action may be maintained, on a guardian's bond, against the guardian and his sureties, without previous demand."

The special finding of the court that no demand had been made for the money before the bringing of the suit, and that no conversion of the funds had been made before the death of the former guardian, was not within the issues in the case, did not affect the legal rights of the parties, and can but be regarded as surplusage. There was no error in the conclusions of law upon the special findings.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.

ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, insists that the overruling of the demurrer to the second paragraph of the complaint ought to be held as error:

1st. For the reason that the paragraph does not allege that Smith, the appellee, had been appointed, and when he was appointed, as such guardian. This objection to this paragraph of the complaint was not made by appellant in his brief upon the original submission of the case, and may be considered as having been waived; but had it been presented, we think it unavailing. The character in which a party sues is admitted unless denied under oath. 2 R. S. 1876, p. 547, section 152; *Nolte* v. *Libbert*, 34 Ind. 163; *Kelley* v. *Love*, 35 Ind. 106.

2d. It is further insisted that the demurrer ought to have been sustained, for the reason that no sufficient breach of the bond was alleged. The breach alleged is that "Said Robertson, as such guardian, never paid said sums, or any portion thereof, to said wards; and that said Wiles and Robertson, or either of them, as such administrators, have never paid said sums, or any portion thereof, to said wards, or to any one on their behalf."

The suit is upon an additional bond of the former guardian, in which Robertson, the guardian, was principal, and Blair

and Vannoy were his sureties; Robertson and Wiles are the administrators of the former guardian; Higgins, the appellant, is the administrator of Blair, one of the sureties. Upon the death of the former guardian his guardianship terminated, and the funds belonging to the wards were due to them. The sureties on the guardian's bond, with the estate of the guardian, were responsible for their payment, and as to whether the estate should be made primarily liable through its administrators is a question to be regulated in the judgment, of which no complaint is made.

The former guardian had been dead, and his administrators appointed, more than three years before this suit was brought. The record does not show when the present guardian was appointed; but that is not material, as a reasonable time had long since elapsed before the bringing of the suit for the payment of the funds. We think that the allegations that the guardian had not paid to the wards, and that his administrators had not paid to the wards, or any other person on their behalf, constituted a sufficient breach of the bond.

The third and last objection is that it does not show that a demand was made for the money before the suit was brought. This objection is fully answered in the former opinion. The bringing of the suit was a sufficient demand.

Appellants' counsel also say, that "the court erred in saying the conclusions of law upon the facts found were right;" but they do not specify in what the alleged error consisted. We know not where to look for it, have no information upon the subject, and conclude that the error does not exist, or it would have been pointed out.

We think the petition for a rehearing is not well taken, and it should be overruled.

PER CURIAM.—The petition for a rehearing is overruled, at appellants' costs.