## CANADAY ET AL. *v.* YAGER, EXECUTOR.

[No. 5,176. Filed October 11, 1904.]

APPEAL AND ERROR.—*Parties.*—Naming as appellants parties whose interests as shown by the record are adverse to the real appellant does not give the court jurisdiction over them, and the fact that one of those named as appellants was defaulted in the lower court does not change the rule.  *p. 624.*

SAME.—*Joinder in Error.—Waiver.*—The joinder in error by an executor amounts to a waiver of objection to the failure of the appellant to file an appeal bond, but does not waive the objections to the jurisdiction of the court.  *p. 624.*

From Sullivan Circuit Court;  *O. B. Harris*, Judge.

Proceedings by Enoch J. Yager, executor of the will of Mary E. S. Canaday, deceased, against Henry D. Canaday and others for the sale of real estate.  From a judgment against Canaday, he appeals.  *Appeal dismissed.*

*C. D. Hunt*, for appellants.
*W. T. Douthitt*, for appellee.

ROBY, J.—Mary E. S. Canaday died testate.  Appellee Yager is executor of her will.  She left surviving a number of children, of whom Sherman Sinclair was one.  By her will she directed the sale of her property, real and personal, and the division of the proceeds, after certain payments, among her children.  Henry D. Canaday was her husband, from whom she was separated, an arrangement having been made at the time of the separation which the children and the executor assert, and the court found, to be in satisfaction of his right to any part of her estate. The executor filed his petition for the sale of real estate, making the children and husband party defendants.  Canaday answered in general denial, and affirmatively claiming a third interest in the real estate, and also filed a cross-complaint against all other parties, asserting his right to said interest.  One of the children was an infant, and for

her a guardian *ad litem* was appointed; the others, including Sherman Sinclair, were defaulted. Trial was had, finding of facts made, and conclusions of law stated, and judgment rendered against Canaday.

He and each of the children, are named as appellants in the assignment of error. To the assignment "of Henry D. Canaday" the executor filed an answer denying error. Sherman Sinclair now makes a special appearance, refuses to join in the appeal, expresses his satisfaction with the judgment heretofore rendered in his favor, and denies the jurisdiction of the court over him. The executor moves to dismiss the appeal upon the double grounds that the children of the testator are adverse parties to Canaday as shown by the record, have not joined in the appeal as appellants, have not been made appellees or served with notice, and that no bond has been filed as required by statute. The record shows that all parties to the action were adverse to Canaday, and therefore should have been brought into court as appellees. *Abshire* v. *Williamson*, 149 Ind. 248. Naming as appellants parties who should be joined as appellees does not give the court jurisdiction over them. *Abshire* v. *Williamson, supra.* The fact that Sinclair was defaulted in the lower court does not change the rule. *Michigan Mut. Life Ins. Co.* v. *Frankel*, 151 Ind. 534.

The joinder in error by the executor does not waive the objections to the jurisdiction of the court. *Michigan Mut. Life Ins. Co.* v. *Frankel, supra; Vordermark* v. *Wilkinson,* 142 Ind. 142. It does amount to a waiver of the failure to file a bond. *Jones* v. *Henderson,* 149 Ind. 458.

The parties in interest not having been brought before the court it follows that the executor's motion to dismiss should be sustained.

Appeal dismissed.