SECURITY TRUST COMPANY, EXECUTOR, *v.* JAQUA ET AL.

[No. 24,795.   Filed June 5, 1925.]

*Matson, Carter, Ross & McCord,* for appellant.

*Shirley, Whitcomb & Dowden* and *Frank B. Jaqua,* for appellees.

PER CURIAM.—Appellant filed its final report as executor of the will of Pierre Gray, deceased, stating that it was chargeable as executor with the sum of $34,915.97, to which report, exceptions were filed. A change of venue from the county having been taken, the trial court sustained said exceptions and set aside the approval of certain current reports previously filed, and entered a finding and judgment as follows:

"The above cause coming on for trial is submitted to the court for trial and judgment without the intervention of a jury, and the court, having heard the evidence and argument of counsel, and having taken the cause under advisement, now makes the following finding, judgment and orders herein: . . . That the administrator *de bonis non* of the estate of Bayard S. Gray and the administrator *de bonis non* of Eliza J. Gray are each entitled to one half of the present proceeds and property in said estate. . . . That said executor shall make a new and final report charging itself as executor herein . . . with the sum of . . . amount due at this date $47,310.29. And which amount the court now orders and adjudges is due to said estate from said executor and payable in cash, in addition to the real estate men-

tioned and described in its first report, and said executor is now ordered to pay said sum in equal amounts, one half to each, to the administrator *d. b. n.* of Bayard Gray and to the administrator *d. b. n.* of Eliza J. Gray. It is further ordered that the exceptors recover of Security Trust Company their costs and charges herein laid out and expended. It is further ordered that the report as now ordered by the court be filed with the clerk of the proper court on or before the 16th day of July, 1924, and that, upon distribution as herein ordered and due proof of notice of final settlement, said executor be discharged. All of which is finally ordered, adjudged and decreed by the court."

Appellees have moved to dismiss the appeal for the alleged reasons: (1) That no final judgment was rendered; (2) that it is not an interlocutory order of the class that may be appealed from; (3) that appellant did not comply with §2977 Burns 1914, §2454 R. S. 1881, by giving "a bond with penalty in double the sum in controversy," on appealing from a decision "growing out of any matter connected with a decedent's estate"; and (4) that appellant did not comply with the rules of court in certain alleged particulars in the preparation of its brief.

Appellant reported that it was chargeable, as executor, with the sum of $34,915.97. The court added $12,394.32 to this amount, and ordered that it should distribute $47,310.29. The bond was given for $50,000. The parties are not agreed as to whether the "sum in controversy" is the total amount ordered to be distributed, or only the difference between that amount and the sum with which appellant admitted it is chargeable. But, for reasons stated below, we do not find it necessary to decide which, if either, is right.

Where an appeal bond has been duly approved, the

right to insist on a dismissal of the appeal because is it not for a sufficient amount may be waived.

*West* v. *Cavins, Exr.* (1881) 74 Ind. 265; *Jones, Exr.,* v. *Henderson* (1898), 149 Ind. 458, 459, 49 N. E. 443; *Canaday* v. *Yager* (1904), 33 Ind. App. 623, 624, 71 N. E. 977.

The transcript in this case was filed October 1, 1924. Appellees appeared on February 24, 1925, in opposition to a petition by appellant for a further extension of time within which to file briefs. The motion to dismiss was not filed until April 29, 1925. If the alleged insufficiency of the bond constituted a cause for dismissing the appeal (as to which we decide nothing), such appearance and delay amounted to a waiver of the right to demand that the appeal be dismissed for that cause. *Jones* v. *Henderson, supra.*

Appellant has filed a printed brief of 196 pages, purporting to be prepared in compliance with Rules 22, 24 and 25 of this court. The mere fact, if it be a fact, that such compliance may be imperfect, is not cause for dismissing the appeal, even though points relied on by appellant might not be so presented as to make it the duty of the court to consider them, and the judgment might be affirmed for that reason.

As above stated, the court adjudged a final liability for a stated sum, with costs, decreed final distribution, approved the final report of the executor when it should be amended to read as directed, and ordered the executor discharged. This made a final determination of all the issues as to all the parties, and constituted a final judgment from which an appeal will lie. §2906 Burns 1914, Acts 1883 p. 159, ch. 121, §19; *Covey, Admr.,* v. *Neff* (1878), 63 Ind. 391, 396; Ewbank's Manual (2d ed.) §82, and authorities cited.

Appellees' motion to dismiss the appeal is overruled. But, since the fact that more than $6,000 is in contro-

versy no longer gives this court jurisdiction of an appeal from a final judgment, the cause must be sent to the Appellate Court. Acts 1925 p. 487, ch. 201, §1. It is therefore ordered that this cause be and it is hereby transferred to the Appellate Court.