Town of Hagerstown v. Liberty, etc., Power Co.—84 Ind. App. 115.

stock, was in control of the corporation. As was said by the court in *People* v. *Commercial, etc., Ins. Co.* (1896), 148 N. Y. 563: "In our opinion, it would be contrary both to equity and to sound public policy to permit counsel fees out of the fund to be awarded to the applicant on the theory that counsel do not hold their rights under the corporation which employs them, but independently of the corporation, or that they can assert a right unaffected by the fraud or bad faith of the corporation in interposing a defense. There is little danger that this rule will disable corporations assailed from securing in proper cases the services of competent counsel. If any embarrassment arises it will be in cases of dishonest attempts to keep corporations afoot to the prejudice of honest dealing. If it tends to this result the public will suffer no harm."

Our conclusion is that the court did not err in refusing to allow appellant's claim. Judgment affirmed.

---

## TOWN OF HAGERSTOWN v. LIBERTY LIGHT AND POWER COMPANY.

[No. 12,325. Filed January 12, 1926.]

1. CONTRACTS.—*Parties to a contract are bound by their practical construction thereof.*—When the parties to a contract have placed a practical construction thereon, they are thereafter bound by such construction. p. 120.

2. INJUNCTION.—*Light and power company which had contracted with the "operator" of municipal light plant to furnish current to supply the town could not enjoin municipality from violating its contract with the operator, as the municipality was not party thereto.*—A light and power company, with which the "operator" of a municipally owned light and power plant had contracted for the supply of electric current so as to enable him to cease the operation of said plant, could not enjoin the municipality from violating said contract, as the municipality was not a party to the same. p. 120.

3. MUNICIPAL CORPORATIONS.—*Persons dealing with one purporting to act as agent of a municipality are bound to know extent of his powers.*—All persons dealing with one acting, or pur-

porting to act, as the agent of a municipality are bound to know the extent of his powers, as his acts must affect the public, and his authority is strictly construed.   p. 121.

4.   CONTRACTS.—*Clause of contract between town and individual for his operation of light plant held not to create agency for town for the purchase of electric current.*—A clause of a contract between a town and an individual providing for his operation of the municipal light plant and authorizing him to purchase current from outside producers instead of operating the plant *held* insufficient to make him an agent of the municipality with authority to contract on its behalf for electric current.   p. 121.

From Fayette Circuit Court; *E. Ralph Himelick,* Judge.

Suit by the Liberty Light and Power Company against the town of Hagerstown to enjoin the latter from violating a contract.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*   By the court in banc.

*Will W. Reller* and *Wiles, Springer & Root,* for appellant.

*Gardner, Jessup & Hoelscher,* for appellee.

ENLOE, P. J.—On November 5, 1920, the appellant herein, by its board of trustees, entered into a contract with one Robert M. Cass, by the terms of which contract said town turned over to said Cass, as "operator" its "light plant," which was thereafter to be "operated" by said Cass, for the term of three years, under said agreement, he agreeing to pay to said town certain moneys in said contract specified.   This agreement was approved by the Public Service Commission and the parties thereto entered upon the performance of the same.

The fifth clause of said contract was as follows: "That municipality and operator both recognize the changing character of the industry, and the growing practice of elimination of generation of electrical energy at isolated plants, and the generation at large plants,

and the service to smaller communities and centers by means of transmission lines thereto; and in this agreement it is specifically provided, agreed and understood that the operator proposes to, if possible, make such engagement or arrangement at earliest possible date, whereby transmission service may be available to the town of Hagerstown and community, thereby relieving operator for the time being, and the municipality finally from costs of operation and generation at power plant, and only maintaining power plant for reserve purposes; and such proposed and intending policy and practice upon part of operator is by municipality agreed to and confirmed."

On March 27, 1922, an agreement was entered into, the introductory part of which is as follows: *"THIS CONTRACT AND AGREEMENT MADE BETWEEN THE LIBERTY LIGHT AND POWER COMPANY,* a corporation of Richmond, Indiana, its successors or assigns, party of the first part, and Robert M. Cass, of Indianapolis, Indiana, his successors or assigns in his capacity as operator of the Electric Public Utility owned by the Municipality of Hagerstown, Wayne County, Indiana, all of which contract between Robert M. Cass and the Municipality of Hagerstown is attached hereto, and with special reference to Article Five of said Cass contract, party of the second part *WITNESSETH."*

On August 9, 1922, the board of trustees of Hagerstown, by ordinance duly enacted, declared the contract made on November 5, 1920, with said Cass, forfeited, and that the same should be at an end on and after September 11, 1922, by reason of the failure of said Cass to carry out and comply with the terms thereof, due notice of which action was given to said Cass.

Thereafter and prior to September 11, 1920, said Cass filed in the circuit court of Wayne county, Indiana,

his complaint against appellant, in which action he sought, first, a restraining order, and on final hearing a permanent injunction against the appellant enjoining it from in any way interfering with him or his rights under said contract of November 5, 1920. Such proceedings were thereafter had in said cause that the Wayne Circuit Court, on October 3, 1920, entered its finding and decree in favor of the appellant herein, the town of Hagerstown, and the restraining order theretofore issued in said cause was dissolved and final judgment rendered against said Cass, that he take nothing by his said complaint, and that said town recover its costs in said action.

The record further discloses that on the same day, October 3, 1922, the appellee filed this action against the appellants seeking to enjoin the appellants from violating the terms of a certain contract (the contract of March 27, 1922, before referred to), which it alleged existed between it and appellant town by the terms of which, it was alleged said town had agreed to buy and appellee had agreed to furnish to said town, for the period of ten years, electric current for the use of said municipality and for the inhabitants thereof.

After a demurrer to the complaint had been overruled, the cause was put at issue by an answer in two paragraphs, the first being a general denial. There was a trial which resulted in a decree in favor of appellee, by which the appellant town was permanently enjoined from "interfering with or denying the rights of the plaintiff as set forth in that certain agreement in writing dated March 27, 1922, and executed by the Liberty Light and Power Company, by Robert S. Ashe, President, as party of the first part, and R. M. Cass, operator, under agreement with the Town of Hagerstown, dated November 5, 1920, and approved by the Indiana Public Service Commission, Order Number 5781, No-

vember 26, 1920, as party of the second part, and from breaking the same."

The decree further provided that, "the Town of Hagerstown, Indiana, and the Board of Trustees of said Town are hereby ordered to forthwith begin to respect and comply with the terms of said contract dated March 27, 1922, and to perform all the terms and conditions thereof by said defendant to be kept and performed, and to continue to do so at all times during the term of ten years, as provided in said contract, dated March 27, 1922, and that said Town of Hagerstown, Indiana, and its Board of Trustees forthwith permit and make it possible for the plaintiff to sell, furnish and deliver unto the Town of Hagerstown, Indiana, electricity in quantities sufficient to meet and supply all the needs and demands of said Town of Hagerstown, Indiana, for electricity at and within the corporate limits of said Town for the term of ten (10) years as provided in said contract dated March 27, 1922, * * *, and that said Town of Hagerstown, Indiana, and its Board of Trustees begin forthwith and continue for a period of ten (10) years to purchase from the plaintiff, The Liberty Light and Power Company, such electricity as by it to be used to at least the minimum quantity as set forth in a certain contract in writing dated March 27, 1922, between the Liberty Light and Power Company, by Robert S. Ashe, President, and R. M. Cass, Operator." It is from this decree that this appeal is prosecuted.

It is the theory of complaint herein, that said Robert M. Cass, was the agent of the appellant, created such by said clause five, *supra*, and that as such agent, and for and on behalf of appellant town as his principal, he executed the contract in question. There is no claim of any implied authority, or of any ratification, but it is claimed that said clause five, conferred upon Cass, by

its provisions, authority to execute said contract as such agent. Upon this theory, appellee must stand or fall.

It is so well settled as to need no citation of authority that, when parties to a contract have placed a practical construction thereon, they are thereafter

1. bound by such construction. In this case the record discloses that after the contract of November 5, 1920, was entered into, the town of Hagerstown and Cass filed their petition with the Public Service Commission of Indiana, asking that said agreement be by said commission approved; that the same was approved, by an order of said commission, under date of November 26, 1920, after a hearing thereon; that in said order so approving said contract is the following, "The evidence shows that Robert M. Cass, and his associates propose to build a transmission line from Hagerstown to Cambridge City where current will be purchased from the Town of Cambridge City, from the Hydro-Electric Company of Connersville, or from the Terre Haute, Indianapolis and Eastern Traction Company; that with such transmission line service, said Robert M. Cass expects to reduce considerably the operating expenses below those necessitated by an isolated small generating plant. * * *"

It is the contention of the appellant that by clause five of said contract, hereinbefore set out, Cass was authorized to purchase the electric current necessary

2. to supply the wants of the town of Hagerstown, and of the inhabitants thereof, from some outside producer of current, not on behalf of or as agent of said town, but to thereby enable him to cease the active operation of the Hagerstown plant; that the contract upon which the suit is based is a contract between Cass and the appellee herein, to which appellant is not a party, and that therefore, the contract with Cass having been rightfully terminated, this action will not lie.

In this contention we must concur. Cass and said town had placed their construction upon said contract when they sought the approval of the Public Service Commission. The appellee herein, before it made its contract with Cass, knew that the said approval of said contract was a matter of public record, and therefore knew what construction had been placed upon said clause five, not only by the parties but by the Public Service Commission. The order of approval showing such construction was open to appellee for its inspection. §12703 Burns 1926, §10052f1 Burns 1914. We also have the fact, in this record, that Cass thought he was acting for himself and was entitled to the profits of this contract, the difference between the price at which he was to secure the current from the appellee herein, and the price he was to receive for such current supplied to the town of Hagerstown, and to the inhabitants thereof, and we find him going into court seeking the aid thereof to uphold his said contract, and then, after he fails, this suit is brought. It is also significant that said contract of March 27, 1922, neither in the introductory part in describing the parties thereto, nor in the matter of affixing of signatures thereto, purports to be the contract of appellant town; nowhere is its name mentioned therein as being one of the contracting parties thereto.

Where a person is presuming to act, or is acting as the agent of a municipality, as his act in that behalf must affect the public, his "letter of agency," or "appointment" must be strictly construed, and all persons dealing with such person are bound to know the extent of his powers. *Sutro* v. *Pettit* (1887), 74 Cal. 332, 16 Pac. 7, 5 Am. St. 442. So in this case we hold that the provisions of said contract of November 5, 1920, are entirely insufficient to create an agency in the said Cass so as to authorize him to make any con-

tract in behalf of said town of Hagerstown; that, by said contract, he simply became an "Operator," to furnish electric current to said town, and that the appellee, under its said contract of March 27, 1922, acquired no rights as against said appellant town. The judgment is reversed, with directions to sustain appellant's motion for a new trial and for further proceedings.