By the Court.
 

 The paramount question in this case is whether or not the title and rights of the Warren State Bank in the automobile in controversy are superior to those of the plaintiff in error.
 

 The basis of the bank’s claim is its full compliance with the Automobile Sale and Transfer Act, being Sections 6310-3 to 6310-14, inclusive, General Code. It is conceded that, immediately upon receiving the bill of sale, the bank filed the same, according to Section 6310-10, General Code, as one “to whom title has in any manner been
 
 *184
 
 passed to a motor vehicle.” This was notice to the world of its rights in the premises, and whosoever became a holder of an interest in the automobile described in such bill of sale took title thereto subject to the rights of the bank.
 

 Plaintiff in error claims that this bill of sale should have been filed as a chattel mortgage in the office of the county recorder, and be regarded as such, and, the automobile in question being in possession of Snyder, the bank’s claims should be second to a purchaser from Snyder under such circumstances; there being no agency clause contained in the bill of sale.
 

 Under the construction which we will give Sections 6310-4 to 6310-14, inclusive, General Code, we cannot concur in such view, and our conclusion is that under this record the title and rights of the bank are superior to those of the plaintiff in error. It follows that the judgment of the Court of Appeals in affirming the judgment of the common pleas court in the replevin action was right, and the same should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.