**COMMERCIAL CREDIT CO v SCHREYER**

**ANDERSON v SMITH**

**Ohio Supreme Court**

**Nos 21364 & 21530. Decided May 22, 1929**

Syllabus by MARSHALL, CJ.

**AUTOMOBILES**

(50 Sa) Sections 6310-3 to 6310-14 inclusive, GC, are penal statutes and those statutes are also in derogation of the common law and should be construed according to their exact and technical meaning, and their application should be limited to cases clearly described within the words used.

Those sections declare it to be unlawful to sell or give away a motor vehicle unless at or before such sale or gift the

seller shall execute and deliver a bill of sale therefor, and prescribe other procedure in perfecting transfer of title. They do not declare the contract itself to be unlawful if executed in a manner other than that prescribed.

Any assignment or transfer of a motor vehicle (not violative of the uniform sales laws of this state), which is not executed and delivered in compliance with 6310-3 to 6310-14, GC, but which is accompanied by delivery of possession, is nevertheless a valid contract between the parties thereto.

(50 Sb) A note secured by a chattel mortgage upon a motor vehicle in the possession of the mortgagor at the time of the execution of the mortgage, though the mortgagor had at the time no bill of sale therefor executed in compliance with 6310-3 to 6310-14, GC, is nevertheless a valid mortgage between the parties, and if and when said mortgage is filed with the county recorder of the county where the mortgagor resides, it has priority over subsequent purchasers and mortgagees in good faith.

**Ohio Farmers' Insurance Co. v. Todino, 111 Ohio St., 274, and Helwig v. Warren State Bank, 115 Ohio St., 182, overruled.)**

Kinkade, Robinson, Matthias and Allen, JJ, concur. Jones, J, concurs in the judgment. Day, J, dissents.