RUTLEDGE ET. AL. *v.* TRAUTMAN, ADMINISTRATOR.

[No. 27,925.   Filed October 25, 1943.]

624

C. W. *Appleman* and *Walter O. Lewis,* both of Indianapolis, and *William D. Hardy,* of Evansville, for appellants.

*Alexander Bell* and *Claycombe & Stump,* all of Indianapolis, and *Phelps F. Darby,* of Evansville, for appellee.

SHAKE, J.—The appellee is the administrator of the estate of Caroline E. Rutledge, deceased. During the course of administration, Juliet Terry Hardenbergh filed a claim against said estate for $325, and William

M. Walden likewise filed a claim for $500. Thereafter, the administrator filed his final report in which he took credit for the payment of said claims. The appellants objected to the final report, complaining of the payment of said claims. The court heard evidence on said objections and, after having had the matter under advisement, overruled the same on November 2, 1942. On November 30th the appellants filed a motion for a new trial which was overruled on December 5th, when time was granted for filing all bills of exceptions. On the same day, the court approved the administrator's final report and ordered distribution. The appellants prayed an appeal and tendered a bond which was approved on January 2, 1943, and they filed their transcript in the office of the clerk of the Appellate Court on March 3, 1943.

The appellee has moved to dismiss the appeal on the ground that the appellants are seeking to have a review of the order of November 2nd overruling their objections, and that said order is not such a final judgment as will authorize an appeal. With the last statement we agree, but the approval of the appellee's final report, showing his receipts and disbursements, on December 5th was a final judgment from which an appeal might have been prosecuted. § 6-1401, Burns' 1933, § 3200, Baldwin's 1934. *Security Trust Co., Executor* v. *Jaqua* (1928), 200 Ind. 732, 148 N. E. 148, 152 N. E. 298. From all that appears in the record the appellants are appealing from the judgment of December 5th, and the motion to dismiss is, therefore, overruled.

The errors relied upon for reversal are: (1) That the administrator never allowed either of the claims on the clerk's docket before payment, as required by

§ 6-1010, Burns' 1933, § 3128, Baldwin's 1934; (2) that the claim of William M. Walden showed on its face that it was for money loaned to the decedent by Lenora Walden, since deceased, and that the personal representative of the latter's estate was the only person authorized by law to receive payment; and (3) that the Hardenbergh claim was never verified as required by § 6-1001, Burns' 1933, § 3119, Baldwin's 1934, because it was sworn to before a notary public of Los Angeles County, California, without the jurat being attested by a clerk of a court, as required by § 2-1642, Burns' 1933, § 280, Baldwin's 1934.

The appellants' contentions are highly technical and do not commend themselves as having substantially affected the rights of the parties. The provision of the statute for allowing claims on the clerk's docket is but the means whereby disallowed claims are transferred to the court's docket for trial. Since there was, in effect, a trial of the claims here involved, the appellants were not harmed by the administrator's failure to comply with this provision. That the claim of William M. Walden was for money loaned to the decedent by Lenora Walden in her lifetime, does not necessarily require the conclusion that the claimant was not the real party in interest. If, as the claim indicated, the claimant was the surviving husband of Lenora Walden, and the sole legatee under her will, and her estate was solvent, no good reason is seen why he was not a proper party to prosecute the claim. Likewise, the evidence might have established an assignment to the surviving husband, in which event the claim would be deemed to have been amended to conform to the proof. The lack of a certificate showing the authority of the California notary who purportedly swore the claimant to the Hardenbergh claim was not jurisdic-

tional. For all that we know, Juliet Terry Hardenbergh may have been in personal attendance at the trial and may have there verified the claim as a witness under oath; or the evidence may have disclosed that the claim was, in fact, verified in this State by an Indiana notary and that the recital in the jurat reading, "State of California, County of Los Angeles, ss," was a mistake.

The record before us does disclose that the court heard evidence and it was duly advised before it overruled appellants' objections and approved the appellee's final report. "Where the alleged error appears upon the face of the proceedings, the ruling of the court on exceptions to such report may properly be assigned as independent error. Where questions of fact are involved in the determination of the ultimate ruling or decision upon such exceptions, and are tried by the court as other questions of fact are tried, the questions which arise upon such trial may be causes for a new trial of the exceptions, but such questions are not properly presented by independent assignments of error, but should be assigned as causes for a new trial." *Burger* v. *Schnaus* (1916), 61 Ind. App. 614, 112 N. E. 246.

The assignment of errors is predicated upon the overruling of the appellants' objectons to the administrator's final report, and not upon the overruling of their motion for a new trial. The evidence is not before us. On this state of the record we cannot say that the trial court committed reversible error.

The judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 4.