IN RE DECKER'S ESTATE.
DECKER *v.* DECKER, ADMINISTRATOR, ET AL.

[No. 18,248. Filed January 18, 1952. Rehearing denied February 28, 1952. Transfer denied April 29, 1952.]

*Robert J. Salek; Howard A. DeMeyer;* and *John B. Dilworth* (of counsel), all of LaPorte, for appellant.

*Alfred J. Link* and *Frederick H. Link,* both of La-Porte, for appellees.

WILTROUT, P. J.—Appellees have filed their separate and several motion to dismiss this appeal upon the ground that the transcript and assignment of errors were not timely filed. Pending a disposition of this motion, appellees have filed their answer brief on the merits, to which appellant has not filed a reply.

It appears that the appellee administrator of the estate of Mary Decker, deceased, filed his final report, to which appellant filed exceptions. A hearing was had and evidence heard. On January 11, 1951, the final report was approved. The order approving this report was an appealable judgment. *Security Trust Co., Exr.,* v. *Jaqua* (1925), 200 Ind. 732, 148 N. E. 148; *Rutledge* v. *Trautman, Administrator* (1943), 221 Ind. 623, 51 N. E. 2d 4. "It is well settled that where exceptions are filed, the report or account submitted stands as the complaint, and the exceptions thereto as the answer. Upon the issues thus formed, the trial is had. The administrator or executor occupies the same status as the plaintiff in the ordinary civil action, and the exceptor that of the defendant, so far as the procedure of the trial is concerned." *Gary State Bank* v. *Gary State Bank, Admr.* (1936), 102 Ind. App. 342, 2 N. E. 2d 814. No motion for a new trial of these issues was filed.

Forty-three days after the approval of the final report, but during the December, 1950, term, the term at which the final report was approved, appellant filed what is denominated as a "Term Time Motion to Set Aside and Correct An Order Approving Final Report."

This alleges that the court entered an erroneous finding and order in approving the final report; that under the facts, a different finding and order should have been made. The prayer is that the order made be set aside and corrected so as to take into account certain advancements and to order a different distribution of the estate.

Appellant made defendants to this "motion," in addition to the administrator, the persons other than himself who were stated in the final report to be decedent's heirs at law, and who are the appellees herein.

Appellees filed a motion to strike out appellant's motion. When this was overruled, they filed their demurrer thereto. The demurrer was overruled. They thereupon filed a motion to strike out parts of appellant's motion. This was sustained in part. They thereupon filed an answer in two paragraphs, and appellant filed a reply. A demurrer addressed to the reply was sustained, following which another reply was filed.

The matter was submitted to the court and evidence heard on April 16, 1951, at the February, 1951, term, "whereupon the court now finds for the respondent, and the petition to set aside the order is now overruled by the court." The administrator's report of distribution was thereafter approved.

On May 14, 1951, appellant filed his motion for a new trial, reading: "Comes now Lawrence Decker and moves the court for a new trial in the matter of the Administrator's final report herein on April 15, 1951, and the approval by the court of the report of distribution by the Administrator on May 1, 1951," the grounds of the motion then being set out. This was overruled and this appeal follows. The transcript and assignment of errors were filed on August 13, 1951.

The errors assigned are the sustaining of appellees'

demurrer to appellant's reply, and the overruling of the motion for new trial.

The evidence at the trial upon the motion is brought before us, but not that heard at the hearing on the exceptions to the final report.

We have set forth herein at greater length than we ordinarily do the issues herein, because of the unusual nature of this proceedings.

"A court has full and complete control of the record of its proceedings during the term at which the proceedings are had, and, during such term, for good cause, may correct, modify or vacate any of its judgments or orders made therein." *State ex rel.,* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122. A reading of appellant's motion indicates that he was calling upon the court to exercise the power it possessed to vacate or correct the judgment during the term at which it was rendered. Such a motion does not extend the time for perfecting an appeal from a final judgment, which time is prescribed by Rule 2-2. *Bachelder* v. *Parker* (1948), 118 Ind. App. 66, 74 N. E. 2d 926.

The "motion" was not a motion to modify the judgment. A motion to modify a judgment does not present any question as to what a finding should be, but merely raises the question of whether the judgment conforms to the finding. *Smith* v. *Mercer* (1948), 118 Ind. App. 575, 79 N. E. 2d 772.

It is evident that this is not an appeal from the finding and judgment approving the administrator's final report, but is an attempt to appeal from the finding and judgment entered on the "motion."

It is not contemplated that a losing party may let his time for appeal go by and then by a proceedings

such as this, have a rehearing of the case and appeal from the decision then rendered.

There having been no appeal timely taken from the judgment approving the report, and there being no appeal from an appealable judgment, this appeal is dismissed.

NOTE.—Reported in 102 N. E. 2d 920.